J-S58041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| RONALD J. KENT | |
| Appellant | No. 236 MDA 2016 |

Appeal from the Order Dated November 24, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): 2194 of 1995;
CP-40-CR-2194-1995; FP-0107

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 08, 2016**

Appellant, Ronald J. Kent, appeals from the order entered in the Luzerne County Court of Common Pleas, dismissing his "Motion for Clarification Order of Sentence & Credit of Time Issued Upon the Department of Corrections as Certified" and "Motion to Enter Self as Pro-Se Request for Grazier by Video Conference is Needed."  We affirm.

The relevant facts and procedural history are as follows.  On December 5, 1995, Appellant pled guilty to four counts of robbery, one count of theft, and one count of receiving stolen property.[1]  At the sentencing hearing on January 31, 1996, the court sentenced Appellant on one count of robbery to

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i); 3921(a); 3925(a), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

twenty-nine (29) to sixty (60) months less one (1) day of incarceration, plus ten (10) years' probation. Appellant served four years, eleven months, and 29 days of his prison sentence before he was paroled.

On June 24, 2002, the trial court revoked Appellant's probation. At that time, the court reinstated Appellant's probationary sentence, and resentenced Appellant to six (6) to twelve (12) months' imprisonment on the receiving stolen property conviction. Following Appellant's release, the trial court again determined Appellant had violated the terms of his probation, and revoked Appellant's probation on October 16, 2003. The court resentenced Appellant on his robbery conviction to seven (7) to fifteen (15) years' incarceration. The court applied to Appellant's sentence credit time of four years, eleven months, and 29 days from his previous incarceration, as well as 83 days of credit from his incarceration before his revocation hearing.

Appellant timely filed a motion for modification of sentence on October 24, 2003, which the court denied on October 29, 2003. After Appellant's appellate rights were reinstated *nunc pro tunc*, Appellant filed a timely notice of appeal on December 9, 2003. On August 2, 2004, our Court affirmed the trial court's decision. **See Commonwealth v. Kent**, No. 1960 MDA 2003, unpublished memorandum (Pa.Super. filed August 2, 2004). Appellant filed a timely *pro se* petition under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546, on March 14, 2005, which the PCRA court denied

- 2 -

on June 30, 2005. Our Court affirmed on April 27, 2006. **See Commonwealth v. Kent**, No. 1301 MDA 2005, unpublished memorandum (Pa.Super. filed April 27, 2006).

On January 25, 2013, Appellant filed another *pro se* PCRA petition. The PCRA court held a hearing on Appellant's petition and subsequently denied Appellant PCRA relief on June 17, 2013. Appellant timely filed a notice of appeal on July 15, 2013, and our Court affirmed on June 25, 2014. **See Commonwealth v. Kent**, No. 1338 MDA 2013, unpublished memorandum (Pa.Super. filed May 7, 2014).

Appellant subsequently filed an additional *pro se* PCRA petition, styled as a "Motion for Clarification of Sentence and Credit of Time." The PCRA court held a hearing on the motion on December 9, 2014, at which time Appellant argued he was entitled to more credit time toward his sentence. The court issued an order on February 12, 2015, setting out Appellant's applicable credit time. Appellant timely filed a notice of appeal, under the Prisoner Mailbox Rule,[2] on February 28, 2015. The court ordered Appellant on March 31, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, Appellant filed a motion to quash with our Court on April 9, 2015. This Court interpreted Appellant's

---

[2] **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoners' documents are deemed filed on date they deliver them to prison authorities for mailing).

motion as a discontinuation of his appeal, which was granted on May 7, 2015. Appellant then filed a "notice of appeal and reconsideration" on May 8, 2015, which this Court treated as a reinstatement of his appeal and granted it on May 22, 2015. Eventually, Appellant filed a motion on October 28, 2015, to withdraw that appeal, which was not granted until December 15, 2015.

While that 2015 appeal was still pending in this Court, however, Appellant filed a "Motion for Clarification Order of Sentence & Credit of Time Issued Upon the Department of Corrections as Certified" and a "Motion to Enter Self as Pro-Se Request for Grazier by Video Conference is Needed" on November 20, 2015, with the PCRA court. On November 24, 2015, the PCRA court entered the order at issue, which denied and dismissed Appellant's motions because the court lacked jurisdiction to address them. Appellant filed a timely notice of appeal on December 23, 2015, to the Commonwealth Court. The Commonwealth Court transferred the appeal to this Court on February 9, 2016.

Appellant raises two issues for our review:

> WHETHER THE COMMON PLEAS COURT, WHILE GRANTING [APPELLANT] CREDIT FOR TIME TOWARDS HIS SENTENCE, IN THE COURT[']S CALCULATION OF SAID CREDIT ALONG WITH THE CREDIT ALREADY GRANTED TO [APPELLANT] AT RESENTENCING, THE COURT DID NOT INCLUDE A PERIOD OF THAT TIME THAT WAS ALREADY GRANTED TO HIM DURING RESENTENCING; NOW HAS THE [COURT] JURISDICTION OVER SAID MATTER TO CORRECT ITS ERROR AND ORDER THE DEPARTMENT OF CORRECTIONS TO RE-CREDIT 67 DAYS TOWARDS HIS SENTENCE?

> WHETHER THE [TRIAL] COURT ERRED WHEN IT DETERMINED THAT THE MATTER HEREIN WAS PREVIOUSLY DETERMINED; WHEN THE ISSUE WAS NOT CREATED UNTIL AFTER THE CREDIT WAS CALCULATED IN THE INITIAL ORDER DATED FEBRUARY 12, 2015?

(Appellant's Brief at 3).

Any petition for post-conviction collateral relief generally is considered a PCRA petition, regardless of how an appellant captions the petition, if the petition raises issues for which the relief sought is the kind available under the PCRA. 42 Pa.C.S.A. § 9542 (stating PCRA is sole means of obtaining collateral relief); *Commonwealth v. Menezes*, 871 A.2d 204 (Pa.Super. 2005) (explaining claim alleging failure to award credit for time served involves legality of sentence and is cognizable under PCRA). Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). The PCRA court findings will not be disturbed unless the certified record provides no support for the findings. *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A court may not examine the merits of a petition for post-conviction relief that is untimely. *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003), *cert. denied*, 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004). To be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's 2015 appeal was still pending when Appellant filed his latest PCRA petition on November 20, 2015. Though Appellant attempted to withdraw his pending appeal in a motion filed on October 28, 2015, this Court did not grant the motion and permit him to withdraw his appeal until December 15, 2015. Notwithstanding Appellant's October 28th motion to withdraw his appeal, the appeal remained pending at the time he filed his PCRA petition on November 20, 2015. As a result, the PCRA court lacked jurisdiction over Appellant's latest petition and properly dismissed it on November 24, 2015. *See **Commonwealth v. Lark***, 560 Pa. 487, 746 A.2d 585 (2000) (holding court has no jurisdiction to review subsequent PCRA petition that is filed while appeal from previous PCRA petition is still pending). Accordingly, we affirm.[3]

Order affirmed.

---

[3] Appellant's open motion to compel is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016